UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>White, Holly-Erin Kathleen & Lacey, Julia Christine<br><br>Debtor(s). | No. 2:23-BK-10230-CMA<br>Chapter 13<br><br>**Adv. Proc. No.** _____<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**<br><br>**(§ 523(a) Objection to Discharge)** |

The Plaintiff in this action, Stephanie S. Eberharter ("Ms. Eberharter"), by counsel, pursuant to provisions of 11 U.S.C. §§ 523(a)(2), 523(a)(4) and 523(a)(6); Fed. R. Civ. Bankr. P. 4007 and 7001, request that the Court determine the debts of Holly Erin White and Julia Lacey ("Defendants") to Plaintiff to be non-dischargeable. In support of its complaint, Plaintiff states as follows:

**I. JURISDICTION AND VENUE.**

1. Plaintiff is judgment creditor of Defendants and debtors Holly Erin White and Julia Lacey by virtue of a judgment entered in King County Superior Court in *Eberharter v.*

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

*White et al.*, Case No. #22-2-02569-7 (the "Action") on July 7, 2022. That judgment arises from the Defendants intentional and fraudulent conversion of Ms. Eberharter's assets. *See* Exhibit One.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 157 and 1334, and 11 U.S.C. §523. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1).

3. Venue in the Western District of Washington is proper under 28 U.S.C. § 1409(a).

4. This Adversary Proceeding relates to *In Re White*, 2:23-bk-10230-CMA (Bankr. W.D. Wash.) now pending in this Court (the "Bankruptcy Case.")

## II. ALLEGATIONS COMMON TO ALL COUNTS.

**Key Parties:**

5. Ms. Eberharter is a natural person, and at all times relevant resided in King County, Washington.

6. Holly Erin White and Julia Lacey are married individuals currently residing in King County, Washington, and are the debtors in the Bankruptcy Case now pending before this Court.

**State Court Judgment:**

7. On February 22, 2022, Ms. Eberharter filed suit against Ms. White and Ms. Lacey in King County Superior Court, under the caption *Eberharter v. White et al.*, Case No. #22-2-02569-7 (the "Action").

8. Plaintiff restates and incorporates the factual allegations of her operative Complaint in the Action, in particular pages 2-10. *See* Exhibit 2, First Amended Complaint.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

9. In the Action, Ms. Eberharter alleged that Ms. White and Ms. Lacey had stolen, without authorization or consent, monetary assets worth $592,615.34 from Ms. Eberharter between May and October 2021.

10. Relevant to the Judgments' putative non-dischargeability, Ms. Eberharter raised claims against the Debtors for Conspiracy, Conversion, Fraud, and Unjust Enrichment.

11. Despite their attempts to evade service, Ms. White and Ms. Lacey were served with notice of the Action on March 18, 2022, pursuant to RCW 4.28.080(16).

12. Ms. White and Ms. Lacey failed to appear or answer Ms. Eberharter's Complaint.

13. King County Superior Court entered an Order of Default on April 14, 2022.

14. On July 7, 2022, King County Superior Court entered a Findings of Fact, Conclusions of Law, and Default Judgment (the "Judgment").

15. In entering the Judgment, Commissioner Henry Judson reached, among others, the following factual and legal conclusions:

> Between May and November 2021, the Defendants Holly Erin White and Julia Lacey converted monetary assets belonging to the Plaintiff Stephanie S. Eberharter without permission or lawful authority.
>
> The Defendants White and Lacey also incurred charges and debits on Ms. Eberharter's accounts by forging checks, executing unauthorized withdrawals of cash, and using Ms. Eberharter's credit lines for personal purchases.
>
> The evidence presented, namely the Declaration of Stephanie Eberharter, demonstrates that the Defendants White and Lacey jointly converted Ms. Eberharter's financial assets.

Exhibit 1, pg. 2.

> Defendant Holly Erin White and Julia Lacey's conspiracy to fraudulently convert Ms. Eberharter's monetary assets, without lawful authority, thereby unjustly enriching themselves and causing economic damages to the Plaintiff Stephanie S. Eberharter.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

*Id.*, pg. 3.

16. To summarize, Commissioner Judson concluded that Ms. White and Ms. Lacey had, without lawful authority, intentionally taken Ms. Eberharter's financial assets with the intent to deprive her of the same.

17. After reaching these factual and legal conclusions, King County Superior Court entered the Judgment against Ms. White and Ms. Lacey, jointly and severally, for $592,615.34.

18. On October 17, 2022, Ms. White and Ms. Lacey appeared in the Action, two-hundred and thirteen (213) days after being served with Ms. Eberharter's complaint.

19. Subsequently, Ms. White and Ms. Lacey moved King County Superior Court to vacate the default judgment, a request which was supported by their own declarations and approximately one-hundred and fifty (150) pages of documentary exhibits and banking records.

20. On December 13, 2022, King County Superior Court denied Ms. White and Ms. Lacey's Motion to Vacate. *See* Exhibit 3.

21. On January 11, 2023, Ms. White and Ms. Lacey filed a Notice of Appeal with Court of Appeals – Division One.

22. On February 21, 2023, Ms. White and Ms. Lacey voluntarily dismissed their appeal with prejudice. *See* Exhibit 4.

23. On March 22, 2023, pursuant to R. App. P. 18.2, the Court of Appeals dismissed their appeal, thereby allowing the underlying Judgment to remain in place, unmodified. *See* Exhibit 5.

//

//

//

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

# COUNT ONE
## (Exception to Discharge 11 U.S.C. §523(a)(2)(A))
## (Money or Property Obtained Through False Pretenses, A False Representation or Actual Fraud)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

25. Plaintiff restates and incorporates all the factual allegations in her First Amended Complaint, attached as Exhibit 2.

26. Defendants knowingly made material misrepresentations, engaged in fraudulent omissions, and engaged in deceptive conduct, as alleged above and in the incorporated allegations. Defendants intended to deceive Ms. Eberharter and her financial institutions through their conduct.

27. Defendants intended for Ms. Eberharter to act and rely on their material misrepresentations, fraudulent omissions and deceptive conduct. Ms. Eberharter, and her financial institutions, justifiably relied on Defendants' misrepresentations, fraudulent omissions, and deceptive conduct. Ms. Eberharter's reliance was justified because Ms. Lacey is her daughter, and had placed herself in a position of trust following the death of Ms. Eberharter's husband Richard Eberharter in February 2021.

28. Defendants engaged in patterns of conduct intended to defraud Ms. Eberharter through which they obtained money and property, and incurred unauthorized charges and debts in Ms. Eberharter's name.

29. Ms. Eberharter sustained significant loss and damage as described in the Judgment. See Exhibit 1.

30. Plaintiff obtained a valid judgment against both Defendants, jointly and severally, awarding damages for claims of fraud, conversion, conspiracy, and unjust enrichment.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

31.     Thus, the sum of at least $592,615.34 is non-dischargeable against the Defendants pursuant to 11 U.S.C. §523(a)(2)(A)).

## COUNT TWO
### (Exception to Discharge 11 U.S.C. §523(a)(4))
### (Debt for Fraud or Defalcation While Acting In A Fiduciary Capacity, Embezzlement, or Larceny.)

32.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

33.     Plaintiff restates and incorporates all the factual allegations in her First Amended Complaint, attached as Exhibit 2.

34.     As to Defendant Ms. Lacey, on March 12, 2021, Ms. Eberharter executed a Financial Power-of-Attorney ("FPOA") which designated Ms. Lacey as her attorney-in-fact, effective only if Ms. Eberharter was found to be medically disabled by a qualified physician or individual. Ms. Eberharter has never been disabled, and thus, Ms. Lacey's contingent authority was never triggered.[1]

35.     Although the factual perquisites for Ms. Lacey's fiduciary authority were never satisfied, Ms. Lacey has testified that she was acting as Ms. Eberharter's attorney-in-fact during the period between May and October 2021, when she financially abused her mother, as described in the First Amended Complaint. *See* Exhibit 2.

36.     Thus, even if Ms. Lacey wrongly believed she had authority to act as Ms. Eberharter's attorney-in-fact, she abused that purported authority by committing fraud and defalcation through her various acts of financial abuse including, but not limited to, misappropriation of funds and failure to account for funds held in trust for Ms. Eberharter.

---

[1] Ms. Lacey's contingent authority was revoked in January 2022.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 6

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

37. As to both Defendants, they committed embezzlement or larceny within the meaning of 11 U.S.C. § 523(a)(4), by wrongfully taking and diverting money and property belonging to Ms. Eberharter to themselves or for their own personal financial benefit, by, among other acts, withdrawing or transferring Ms. Eberharter's cash assets, making unauthorized charges on Ms. Eberharter's credit cards for their own benefit, by misappropriating Ms. Eberharter's personal and business funds using forged checks, and by fraudulently opening accounts in both Ms. Eberharter and Richard Eberharter's names, which were used to incur further debts for the Defendants' benefit.

38. Thus, the sum of at least $592,615.34 is non-dischargeable against the Defendants pursuant to 11 U.S.C. §523(a)(4).

## COUNT THREE
### Exception to Discharge 11 U.S.C. §523(a)(6))

39. Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

40. Plaintiff restates and incorporates all the factual allegations in her First Amended Complaint, attached as Exhibit 2.

41. Defendants' conduct described herein and in the First Amended Complaint incorporated herein, rise to the level of intentional monetary injury to Ms. Eberharter and her property.

42. The Defendants willfully and intentionally gained access to Ms. Eberharter's financial accounts to cover up breaches of fiduciary duty by Ms. Lacey, and fraud, larceny, and other wrongful conduct by both Defendants. These acts were intentionally done to advance the Defendants' scheme to defraud Ms. Eberharter and use her personal and business funds for the

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 7

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

benefit of Defendants. Defendants intended to cause monetary injury or knew that their conduct was substantially certain to harm Ms. Eberharter.

43. Defendants knew that the above conduct, including but not limited to, accessing Ms. Eberharter's financial accounts to withdraw or transfer at least $373,614.96 for their own benefit, incurring unauthorized charges on Ms. Eberharter's credit cards, forging checks on Ms. Eberharter's personal and business accounts, and opening fraudulent accounts in Ms. Eberharter and Richard Eberharter's names, was wrongful, fraudulent, and would cause injury to Ms. Eberharter.

44. Defendants are liable to Plaintiff for willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).

45. Thus, the sum of at least $592,615.34 is non-dischargeable against the Defendants pursuant to 11 U.S.C. §523(a)(6).

### III. REQUESTED RELIEF.

WHEREFORE, Ms. Eberharter prays for judgment against the Debtors as follows:

46. For an order declaring Debtors' debt to Ms. Eberharter, as embodied in the Judgment, to be non-dischargeable.

47. If deemed necessary, an order against the Debtors in the sum of the unpaid principal and interest due and owing on Debtors' debt to Ms. Eberharter as of the date of entry of such order.

48. For Ms. Eberharter's costs and disbursements incurred herein to include statutory attorney's fees.

49. For such other and further relief as the Court deems just and equitable.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 8

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1 DATED this 22nd day of March, 2023.

**BADGLEY MULLINS TURNER PLLC**

*/s/ Mark A. Trivett*
Mark A. Trivett, WSBA #46375
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Tel: (206) 621-6566
Email: mtrivett@badgleymullins.com
***Attorney for Stephanie Eberharter***

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT - 9